OPINION
Appellant, Jason Mills, appeals from the decision of the Ashtabula County Court of Common Pleas, Juvenile Division.
On February 13, 2001, a complaint was filed alleging that on or about February 12, 2001, appellant was delinquent for: (1) one count of robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree, if committed by an adult; (2) one count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree, if committed by an adult; and, (3) one count of safecracking, in violation of R.C. 2911.31(A), a felony of the fourth degree, if committed by an adult.
On February 13, 2001, appellant was arraigned and appellant entered a plea of denial on all counts.
A trial before a magistrate was held on March 6, 2001. At trial, the prosecution presented two witnesses, to wit: the investigating officer, Detective Sargent Steve Gerics, of the Conneaut Police Department and Kevin Jury ("Jury"), the store manager at the Save A Lot store on West Main Road, in Conneaut.
Jury testified that, on the day in question, appellant, who was a former employee, entered the store, walked into office, and tried to reach the handle of the safe. Jury hid behind a bread rack and waited until he heard a clicking sound immediately followed by the creaking sound of the safe opening. Jury looked into the office and saw the safe door open slightly. As appellant exited the office, Jury pinned him against the wall with a bread rack and grabbed a bundle of money from appellant's right hand. Appellant pushed Jury twice and then ran out of the store.
At the close of the prosecution's case in chief, appellant moved to dismiss the robbery charge, arguing that the state had failed to prove the element of force, and also moved to dismiss the safecracking count. Appellant's motion was denied.
Appellant attested that he had gone into the office to use the "mike" to call Jury, so that he could pick up his W-2 form. Appellant admitted that he stole the $76.00 recovered by Jury; however, he contends that the money was on the counter, not in the safe. Appellant denied pushing Jury.
At the close of appellant's case, appellant renewed his motion to dismiss the robbery and safecracking counts. Appellant's motion was overruled on both counts.
Jury was called as a rebuttal witness and testified that no money was left on the counter. All money is counted, bundled with the initials of the person who counted it written on the label, and placed into the safe, which is left unlocked during the day.
The magistrate's decision was filed on March 7, 2001. The following day, March 8, 2000, the court adopted the magistrate's decision. Appellant filed objections to the magistrate's decision on March 19, 2001. On April 6, 2001, appellant filed a notice of appeal. Upon remand from this court, the juvenile court overruled appellant's objections, on September 11, 2001.
Appellant raises the following assignments of error for our review:
 "[1.] The trial court violated Jason Mill's [sic] right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 16 of the Ohio Constitution, and Juv.R. 29(E)(4) when it adjudicated him delinquent of robbery absent proof of every element of the charge against him by sufficient, competent, and credible evidence.
 "[2.] The trial court erred by imposing a suspended commitment after the period of probation had ended.
 "[3.] The trial court violated Jason Mill's [sic] right to the equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Ohio Constitution by imposing Mills [sic] suspended commitment after his release from probation.
 "[4.] The trial court violated Jason Mill's [sic] right to notice and due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution when it did not follow the proper procedures for probation and revocation.
 "[5.] Jason Mill's [sic] right not to be twice punished for the same offense as guaranteed by the double jeopardy clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution was violated by the juvenile court's imposition of the suspended sentence after Mill's [sic] period of probation had ended.
 "[6.] The juvenile court erred when it sentenced Jason Mill's [sic] to the youth detention center in violation of R.C. 2151.355 and 2151.34."
In appellant's first assignment of error, he challenges the sufficiency of the trial court's finding that he was delinquent by reason of robbery. Specifically, appellant contends that the state failed to prove the required element of force and that the force alleged did not coincide with the theft.
At the outset, we note that the trial court's March 8, 2001 judgment entry erroneously states that appellant was found to be a delinquent by way of robbery in violation of R.C. 2911.01(A)(3), the aggravated robbery statute. Appellant was charged with robbery, in violation of R.C.2911.02(A)(3). Because of this clerical error, this case is remanded for the trial court to correct its judgment entry.
When reviewing a record for sufficiency, "the relevant inquir is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Pursuant to R.C. 2911.02(A)(3), the state was required to prove beyond a reasonable doubt that, in attempting or committing a theft offense, or in fleeing immediately after the attempt or offense, appellant used or threatened the immediate use of force against another. Force is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing. R.C. 2901.01. Pushing constitutes an act of violence within the meaning of R.C. 2901.01(A). See e.g., State v. Calhoun (Nov. 14, 1991), 8th Dist. No. 59370, 1991 Ohio App. LEXIS 5504, at *5.
Next, we will address appellant's assertion that the force did not coincide with the theft. Appellant cites State v. King (Aug. 27, 1981), 10th Dist. No. 80AP-968, 1981 Ohio App. LEXIS 10193, for the proposition that the force used in resisting the detention of a store owner, if used for the mere purpose of escape, does not constitute "purpose to deprive" as set forth in R.C. 2911.02. We do not agree. Instead, we adopt the reasoning of the Eighth District Court of Appeals, set forth in State v.Dunning (May 23, 2000), 8th Dist. No. 75869, 2000 Ohio App. LEXIS 1185, wherein the court held that "where a defendant struggles with store security guards outside a store immediately after a theft in an effort to escape apprehension, such conduct * * * is sufficient to establish the force element of robbery." Dunning, at *8.
We support the premise that the use of force need not be in furtherance of the theft, as long as it occurs while the appellant is immediately fleeing from the attempt or the commission of the theft offense. An interpretation of R.C. 2911.02 requiring that the purpose of the force must be to deprive another of his property, is contrary to the "intent of the statute to avoid potential as well as actual harm to persons and is contrary to the committee Comment on R.C. 2911.02." State v. Trammell
(July 27, 1994), 2nd Dist. No. 14092, 1994 Ohio App. LEXIS 3293 at *4;State v. Scott (Mar. 11, 1991), 4th Dist. No. CA 505, 1991 Ohio App. LEXIS 1208, at *17-18.
R.C. 2911.02(A)(3) increases the penalty for robbery when the criminal act includes physical contact with the victim. The clear purpose of R.C.2911.02(A)(3) is to discourage physical contact during the perpetration of a burglary to reduce the risk of harm to innocent victims. This being the case, it does not make any difference if the physical contact occurs during the onset of the crime or at a point where the perpetrator, confronted in the act, seeks to complete or abort his criminal activity. The perpetrator, in undertaking the criminal conduct, creates the situation. Distinguishing stages in the crime would encourage physical violence upon detection and would increase the risk of physical harm to robbery victims. Such results would be contrary to the purpose of the statute.
Review of the transcript reveals that Jury testified that as appellant left the office, he came out from behind the bread rack and pinned appellant against the wall. Jury took the money from appellant's hand, released the bread rack, and told appellant to stay right there. Appellant then pushed Jury twice, and ran. Appellant used force to escape apprehension during the preparation of the theft offense. Accordingly, we conclude that the record contains sufficient evidence, upon which a rational trier of facts could find all the elements of robbery, as set forth in R.C. 2911.02.
Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the juvenile court erred in imposing a suspended commitment, after the probation period had ended. The record reveals that appellant's notice of appeal filed on April 6, 2000, included only the case number for the robbery, theft, and safecracking charges, 01 JA 110. The proper procedure for perfecting the appeal of the previously suspended commitment would have been for appellant to have filed notices of appeal for that case number, 99 JA 1255, within thirty days of the April 6, 2000 order imposing the commitment. See In re Dumas (Aug. 14, 1998), 1st Dist. No. C-970890, 1998 Ohio App. LEXIS 3711, at *4-5. Thus, the terms of the commitment, including the conditions, if any, placed upon the suspension of the commitment, are dehors the record. Accordingly, appellant's second assignment of error is without merit. Further, when a court suspends an order committing a child to the Department of Youth Services and places him on probation, the commitment order may be imposed if the juvenile violates the conditions of the order, even if the probation period has ended. See generally, In re Griffin (Sept. 27, 1996), 3rd Dist. No. 14-96-14, 1996 Ohio App. LEXIS 4299; In re Ravanna T. (Aug. 1, 1997), 6th Dist. No. L-96-371, 1997 Ohio App. LEXIS 3370; In re Proctor (Dec. 24, 1997), 9th Dist. No. 18257, 1997 Ohio App. LEXIS 5761; In re Bracewell
(1998), 126 Ohio App.3d 133, 139.
Appellant's second assignment of error is without merit.
Based on our disposition of appellant's second assignment of error, appellant's third through fifth assignments of error are overruled.
In appellant's sixth assignment of error, he argues that the juvenile court erred in sentencing appellant to serve ninety days in the youth detention center because it is to be used only as a predisposition facility. Appellant argues that "a final order of disposition of a child found to be a delinquent may not include, as punishment or otherwise, confinement or detention in a juvenile detention home." In re Bolden
(1973), 37 Ohio App.2d 7. Appellant's reliance on Bolden is misplaced.
In Bolden, the court held that "R.C. 2151.34 specifically prohibits commitment to any prison, jail or lockup and permits detainment of children in a juvenile detention home only until final disposition of their case. Thus, disposition may not include, as punishment or otherwise, confinement in a juvenile detention home, and such portions of the judgments of the trial court providing for such detention must be reversed and vacated." Bolden, at 16. However, R.C. 2151.34 has since undergone numerous amendments.
The version of R.C. 2151.34 in effect at the time of sentencing did not contain any prohibition against confinement in a juvenile detention home. To the contrary, it provided:
 "A child who is alleged to be or adjudicated a delinquent child may be confined to a place of juvenile detention for a period not to exceed ninety days, during which time a social history may be prepared to include court record, family history, personal history, school and attendance records, and any other pertinent studies and material that will be of assistance to the juvenile court in its disposition of the charges against that juvenile offender." (Emphasis added.)
Accordingly, the trial court did not err in remanding appellant to the Ashtabula County Youth Detention Center for ninety days, to run concurrent with a commitment to the Department of Youth Services. Further, we note that R.C. 2152.04, which went into effect on January 1, 2002, provides that a child who is adjudicated a delinquent child may be confined in a place of juvenile detention for a period not to exceed ninety days, during which time a social history may be prepared. Appellant's sixth assignment of error lacks merit.
Based on the foregoing, appellant's assignments of error lack merit, and the judgment of the trial court is affirmed. However, this matter is remanded for the court to correct its judgment entry to reflect that appellant was found guilty by reason of robbery, a violation of R.C.2911.02(A)(3), not 2911.01(A)(3).
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.